## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Case No. 04-1795 (RJL)** |
| ) | |
| WASHINGTON GAS LIGHT CO., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION
### (September 27, 2005)[#5]

Plaintiff, David Johnson ("plaintiff"), a former employee of Washington Gas Light

Company ("Washington Gas"), alleges that he was wrongfully terminated pursuant to the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et. seq. The

defendant, Washington Gas, has filed with the Court a motion for summary judgment, to

which the plaintiff has failed to respond.[1] Upon consideration of the defendant's motion

and the entire record herein, the Court GRANTS defendant's motion for summary

judgment.

---

[1]   On May 13, 2005, the Court ordered the plaintiff to respond to defendant's motion
for summary judgment or have the motion treated as conceded.  Having failed to do so, this
Court treats defendant's motion for summary judgment as conceded. LCvR 7(b).



## BACKGROUND

The plaintiff was hired as a meter reader in February 2001, and promoted to an operations assistant at Washington Gas in May of the same year. In April 2002, however, he was diagnosed with diabetes. Plaintiff alleges that Washington Gas, thereafter, informed him that he could not perform the essential duties of an operations assistant because of his insulin dependancy, and that if he did not obtain another job within the company by June 19, 2002, he would be terminated. *Id.* at ¶ 16-18. In response, plaintiff claims that he applied for three other jobs within the company, but was not selected for any of those positions. *Id.* at ¶ 19.

On February 25, 2003, plaintiff filed a charge of discrimination against Washington Gas with the United States Equal Employment Opportunity Commission ("EEOC") and the Fairfax County Human Rights Commission, claiming that Washington Gas terminated his employment in violation of the ADA. Def.'s Mot. for Summ. J. Ex. 2. On May 29, 2003, plaintiff and Washington Gas entered into a Mediation Settlement Agreement ("MSA") with regard to plaintiff's charge of discrimination. *Id.* at ¶ 6; *See Id.* at Ex. 1, Attach. A. As part of the MSA, plaintiff agreed "not to institute a law suit under Title VII of the Civil Rights Act of 1964, as amended" or the ADA. *Id.* at Ex. 1, Attach. A. Washington Gas, in turn, agreed to assist plaintiff in applying for long term disability ("LTD") benefits and to support his application to Unum Life Insurance Company of America ("UNUM"), Washington Gas' LTD benefits supplier, for those benefits. *Id.*

Additionally, the MSA provided that "[i]n the event LTD benefits are not awarded to [plaintiff], [plaintiff] retains the right to re-file this charge with EEOC within 15 (fifteen) days of written notification of denial of LTD benefits." *Id.*

On January 14, 2004, plaintiff received a letter from UNUM denying him LTD benefits. *Id.* at Ex. 3.  On July 13, 2004, plaintiff's attorney wrote a letter to UNUM notifying the company that plaintiff planned to appeal the denial and informing it that plaintiff would supply UNUM with more medical documentation. *Id.* at Ex. 4.  Although, plaintiff later claimed that Washington Gas breached the MSA, the EEOC concluded that Washington Gas had not and issued plaintiff a notice of right to sue. *See Id.* at Ex. 1, Attach. C.

On July 29, 2004, plaintiff filed a complaint against Washington Gas in the Superior Court of the District of Columbia. *See* Pl.'s Compl.  On August 19, 2004, however, plaintiff was notified by UNUM, that he had been *approved* for LTD benefits. Def.'s Mot. for Summ. J. Ex. 1, Attach. B.  The Superior Court action was subsequently removed to this Court on October 18, 2004, upon defendant's motion. Dkt. 1.

## STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party seeking summary judgment may support its motion by "identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56(c)). In opposing summary judgment, the "nonmoving party [must] go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting FED. R. CIV. P. 56(c), (e)). The non-moving party must set forth specific facts demonstrating to the Court that there is sufficient evidence for the party to prevail at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## DISCUSSION

Washington Gas has moved for summary judgment on the grounds that plaintiff is prohibited from bringing the instant suit pursuant to the terms of the MSA to which he is legally bound. Washington Gas submitted with its motion a statement of material facts to which it claims that there is no genuine issue. Since plaintiff has neither opposed this motion, nor submitted a statement of facts to which there are genuine issues of material fact, the motion will be treated as conceded pursuant to LCvR 7(b), and this Court will admit the facts identified by Washington Gas in its statement of material facts. *See* LCvR

7(h); *SEC v. Banner Fund Int'l*, 211 F.3d 602, 616 (D.C. Cir. 2000). Finally, this Court

will also view the exhibits attached to Washington Gas' motion in the light most

favorable to the plaintiff. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. at 323.

In viewing the exhibits submitted by Washington Gas, it is clear that there are no

issues of genuine fact before this Court. Plaintiff signed a valid "Mediation Settlement

Agreement" as a result of participating in the EEOC mediation process. Def.'s Mot. for

Summ. J. Ex. 1, Attach. A. As a result of the MSA, plaintiff gave up his right to bring a

lawsuit under both Title VII of the Civil Rights Act of 1964 and the ADA, in exchange

for Washington Gas' help in plaintiff obtaining LTD benefits for his disabilities. While

the MSA did allow plaintiff to re-file charges with the EEOC if he did not receive LTD

benefits, the plaintiff is now, in fact, receiving such LTD benefits from Washington Gas'

LTD insurance provider; UNUM. Moreover, plaintiff has not claimed that he entered

into the MSA unknowingly or involuntarily.[2]

Thus, plaintiff having released his ability to pursue his alleged claim of

discrimination under Title VII and the ADA when he signed the MSA, *see Id.; Maceda v.*

*Billington*, 2003 U.S. Dist. LEXIS 19263, *8-9 (D.D.C. Jan. 17, 2003)(having waived

right to sue on Title VII and other grounds in a settlement agreement, plaintiff could not

"resuscitate those claims"), and having received the very benefit from UNUM which

---

[2]      A person can validly waive his right to proceed in court if the waiver of the right,
here the MSA, was made knowingly and voluntarily. *See Anzueto v. Wash. Metro. Area Transit*
*Auth.*, 1992 U.S. Dist. LEXIS 8014, *4 (D.D.C. June 8, 1992)(finding claimant can validly waive
his right to sue under Title VII if the waiver is knowing and voluntary).

precludes his right under the MSA to re-file the charges with the EEOC or sue under the

ADA, *Asberry v. U.S. Postal Serv.*, 692 F.2d 1378, 1381-82 (Fed. Cir. 1982)("Having

voluntarily accepted the settlement and its benefits, [plaintiff] is equitably estopped to

attack it."), the plaintiff by his own contractual agreement is prohibited from proceeding

in this case.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary

judgment. An order consistent with this decision accompanies this Memorandum

Opinion.

RICHARD J. LEON
United States District Judge